**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **PITRI MOHINDRU** § | |
| § | |
| *Plaintiff* § | |
| § | |
| **v.** § | **CIVIL ACTION NO. 4:17-cv-00412-ALM** |
| § | |
| **SAFECO INSURANCE COMPANY OF** § | |
| **INDIANA** § | |
| § | |
| *Defendant* § | |

**PLAINTIFF PITRI MOHINDRU'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Pitri Mohindru, (hereinafter referred to as "Plaintiff"), complaining of Safeco Insurance Company of Indiana, (hereinafter referred to as "Defendant"). In support of their claims and causes of action, Plaintiffs would respectfully show unto this Honorable Court as follows:

## JURISDICTION & VENUE

1. This Honorable Court has jurisdiction and venue is proper because (1) one or more acts or omissions forming the basis for liability occurred in Collin County, Texas, (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and (3) Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas.

2. Venue lies in the U.S. Eastern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiffs are individuals who reside in Collin County, Texas.

4. Defendant is a company engaged in the business of selling insurance policies and adjusting insurance claims. This includes selling residential policy number OY07143766 (hereinafter "the Policy") associated with claim number 146175226002 (hereinafter "Claim"), both of which apply to Plaintiffs' residence at issue in the present case. Defendant has appeared and answered through counsel and is before this Honorable Court for all purposes.

## FACTUAL BACKGROUND

5. Plaintiff purchased a policy from Defendant Safeco Insurance Company of Indiana, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

6. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 4803 Ravensthorpe Drive, Allen, Texas 75002.

7. Defendant Safeco Insurance Company of Indiana and/or its agent sold the Policy insuring the Property to Plaintiff.

8. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because he is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

9. On or around April 11, 2016, Plaintiff experienced a severe weather-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Safeco Insurance Company of Indiana. Plaintiff subsequently opened a claim on or around April 12, 2016 and Defendant Safeco Insurance Company of Indiana assigned an adjuster to adjust the claim.

10. On August 13, 2016, Defendant sent Plaintiff an estimate regarding the evaluation of the claim. The estimate demonstrates that Defendant severely underestimated the costs necessary to

return the property to its pre-loss condition as required by the insurance policy. For example, Defendant calculated the cost to remove and replace the severely damaged roof and all its vital components at only $18,191.89. Additionally, the estimate failed to include the costs to replace and repair other covered losses on the property, such as the fence of the property. Therefore, Defendant conceded that Plaintiff's property had sustained hail damage, but undervalued its liability to its insured. Such conduct demonstrates Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

11. On or around October 17, 2016, Plaintiff was forced to bear his own cost and prepare his own estimate. The investigation by Plaintiff's professional estimate writer revealed that the damage to the property was in the amount of $78,024.20. The gross disparity between Defendant' RCV of $28,039.34 and the professional estimate writer's RCV of $78,024.20 further highlights Defendant' failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

12. On or around April 12, 2016, Plaintiff promptly reported the claim to Defendant. On or around April 22, 2016, Defendant sent one of its adjusters to inspect the property. Despite the severe impact of the storm, Defendant calculated a Replacement Cost Value (RCV) of only $28,039.34, less the deductible of $4,586.00, for a net claim of $16,630.63. This net claim of only $16,630.63 for a severely damaged property demonstrates that Defendant, individually and through its representatives, conspired to intentionally and wrongfully conduct an unreasonable investigation and improperly adjusted the claim in order to prevent our client

from receiving the full and correct payments rightfully owed, violating the Texas Insurance Code for Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(2)(A); (7).

13. On August 13, 2016, Defendant sent Plaintiff an estimate regarding the evaluation of the claim. The estimate demonstrates that Defendant severely underestimated the costs necessary to return the property to its pre-loss condition as required by the insurance policy. For example, Defendant calculated the cost to remove and replace the severely damaged roof and all its vital components at only $18,191.89. Additionally, the estimate failed to include the costs to replace and repair other covered losses on the property, such as the fence of the property. Therefore, Defendant conceded that Plaintiff's property had sustained hail damage, but undervalued its liability to its insured. Such conduct demonstrates Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

14. On or around October 17, 2016, Plaintiff was forced to bear his own cost and prepare his own estimate. The investigation by Plaintiff's professional estimate writer revealed that the damage to the property was in the amount of $78,024.20. The gross disparity between Defendant' RCV of $28,039.34 and the professional estimate writer's RCV of $78,024.20 further highlights Defendant' failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

15. Plaintiff's professional estimate writer's estimate contains several pages of photos of hail damage to the entire roof, including the shingles, roof vent, ridge cap, and other vital components of the roof. The professional estimate writer's estimate also accounted for painting the severely damaged exterior of the property, the replacement of the destroyed

outdoor playset, and the repair to the fence. Defendant' estimate, on the other hand, only accounted for removal and replacement of the roof, but at well below an acceptable cost. Such conduct by Famers further violates TEX. INS. CODE §541.060(a)(2)(A); (7) for failure to conduct a reasonable investigation and failing in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.

16. Thereafter, Defendant Safeco Insurance Company of Indiana wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

17. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

18. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

19. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge

which is 6 feet (1.8m) or more above a lower level **<u>SHALL</u>** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

20. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

21. Defendant's assigned adjuster acted as an authorized agent of Defendant Safeco Insurance Company of Indiana. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Safeco Insurance Company of Indiana. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

22. Defendant Safeco Insurance Company of Indiana failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

23. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff

filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

24. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

25. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. All acts by Defendant Safeco Insurance Company of Indiana were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Safeco Insurance Company of Indiana and/or were completed in its normal and routine course and scope of employment.

28. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

29. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co.*

*v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Defendant Safeco Insurance Company of Indiana's conduct constitutes a breach of the insurance contract made between Defendant Safeco Insurance Company of Indiana and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Safeco Insurance Company of Indiana had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

32. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and his representatives, Defendant Safeco Insurance Company of Indiana breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

### COUNT TWO: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

33. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

34. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

35. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

36. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

37. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

38. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

39. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

40. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

41. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

42. As described in this Original Petition, Defendant Safeco Insurance Company of Indiana represented to Plaintiff that his Policy and Safeco Insurance Company of Indiana's adjusting

and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

43. As described in this Original Petition, Defendant Safeco Insurance Company of Indiana represented to Plaintiff that his Policy and Safeco Insurance Company of Indiana's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

44. By Defendant Safeco Insurance Company of Indiana representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

45. Defendant Safeco Insurance Company of Indiana has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

46. Defendant Safeco Insurance Company of Indiana's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

47. Defendant Safeco Insurance Company of Indiana's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

48. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Safeco Insurance Company of Indiana, to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional

limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

49. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

50. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show himself to be justly entitled by law and in equity.

## COUNT THREE: VIOLATIONS OF THE TEXAS INSURANCE CODE

51. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

52. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

53. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

54. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

55. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

56. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

57. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

58. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

59. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

60. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

61. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

62. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

63. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

64. Failing to state the reasons for rejection (§ 542.056(c));

65. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

66. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

67. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

68. By its acts, omissions, failures and conduct, Defendant Safeco Insurance Company of Indiana has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of his detrimental reliance upon Defendant Safeco Insurance Company of Indiana's unfair or deceptive acts or practices. § 541.151(2).

69. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Safeco Insurance Company of Indiana and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

70. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Safeco Insurance Company of Indiana's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

71. As a result of Defendant Safeco Insurance Company of Indiana's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### COUNT FOUR: BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

72. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

73. From and after the time Plaintiff's claim was presented to Defendant Safeco Insurance Company of Indiana, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

74. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

75. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

76. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

77. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

78. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

79. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

80. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

81. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is

entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

82. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

83. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

84. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

85. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

86. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

87. Plaintiff demands a jury trial, consisting of citizens residing in Collin County, Texas, and tenders the appropriate fee with this Original Petition.

## CONCLUSION

88. Plaintiff prays that judgment be entered against Defendant Safeco Insurance Company of Indiana and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Defendant Safeco Insurance Company of Indiana, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the himself to be justly entitled.

Respectfully submitted,

*/s/ Chidi Oha*
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Chidi Oha
State Bar No. 24094877
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121

                                                     Facsimile: 713-322-5953
                                                     James@mma-pllc.com
                                                     Zach@mma-pllc.com
                                                     Chidi@mma-pllc.com
                                                     **Attorneys for Plaintiff**